IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELLIE L. HUNTER,                  *
                                   *
     Plaintiff,                    *
                                   *
v.                                 *      CIVIL ACTION NO.
                                   *
ROCKDALE COUNTY, GEORGIA,          *      **JURY TRIAL DEMAND**
OZ NESBITT, SR., individually      *
& officially in his capacity       *
as Commissioner of Rockdale        *
County, and DOUGLAS CHANDLER,      *
individually & officially in       *
his capacity as Code               *
Enforcement Manager for            *
Rockdale County,                   *
                                   *
     Defendants.                   *

**COMPLAINT**

Comes Now, Kellie L. Hunter, and files her Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action for race and gender discrimination, sexual harassment, and retaliation pursuant to 42 U.S.C. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991). This is also an action for gender and race discrimination pursuant to 42 U.S.C. § 1983 and the Equal Protection clause of the United States Constitution, and retaliation pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant Rockdale County is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

4.

Defendant Rockdale County is a public body corporate and politic in the State of Georgia with governing authority created pursuant to Art. IX, § 1, ¶ 1 of the Constitution of the State of Georgia.

5.

Defendant Rockdale County resides within the State of Georgia.

6.

This Court has personal jurisdiction over Defendant Rockdale County.

7.

Defendant Oz Nesbitt, Sr., serves as a Commissioner for Defendant Rockdale County.

8.

Defendant Nesbitt is sued in his individual and official capacity.

9.

Defendant Nesbitt resides within the State of Georgia.

10.

This Court has personal jurisdiction over Defendant Nesbitt.

11.

Defendant Douglas Chandler serves as the Code Enforcement Manager for Defendant Rockdale County.

12.

Defendant Chandler is sued in his individual and official capacity.

13.

Defendant Chandler resides within the State of Georgia.

14.

This Court has personal jurisdiction over Defendant Chandler.

**VENUE**

15.

Defendants reside within the Northern District of Georgia.

16.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

17.

Venue in the Atlanta Division of Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

18.

The Plaintiff is a female Caucasian citizen of the United States who resides in Conyers, Rockdale County, Georgia.

19.

From approximately March 2017 until July 2, 2020, the Plaintiff was employed by Defendant Rockdale County.

20.

Defendant Rockdale County is a public entity comprising of Rockdale County, Georgia.

21.

Defendant Rockdale County may be served with summons and process by service upon Oz Nesbitt, Sr., Commissioner, 962 Milstead Avenue, Conyers, Rockdale County, Georgia 30012.

22.

Defendant Nesbitt serves as a Commissioner for Defendant Rockdale County and may be served with summons and process by service at 962 Milstead Avenue, Conyers, Rockdale County, Georgia 30012.

23.

Defendant Chandler serves as the Code Enforcement Manager for Defendant Rockdale County and may be served with summons and process by service at 962 Milstead Avenue, Conyers, Rockdale County, Georgia 30012.

**FACTS**

24.

In March of 2017, the Plaintiff began working for Defendant Rockdale County as a Code Enforcer in the Planning and Development Department.

25.

Since 2019, the Plaintiff has reported to Defendant Chandler (African-American).

26.

During the Plaintiff's employment, Defendant Rockdale County employed approximately seven (7) Code Enforcers,

consisting of the Plaintiff, one (1) African-American female, and five (5) African-American males.

### 27.

During the Plaintiff's employment, the Plaintiff was the only Caucasian female Code Enforcer working under Defendant Chandler.

### 28.

Throughout her employment, the Plaintiff performed her duties in an exemplary manner.

### 29.

On February 11, 2020, Defendant Nesbitt sent the Plaintiff a sexually offensive video to her cell phone.

### 30.

The sexually offensive video sent to the Plaintiff by Defendant Nesbitt contains offensive dancing and nudity of a female.

### 31.

On or about February 12, 2020, the Plaintiff complained to the Director of Planning and Development, Casey Kersic, and Deputy Director, Teresa Jacobs, about the video.

32.

On or about February 12, 2020, Kersic and Jacobs failed to take any action regarding the Plaintiff's complaint about the video.

33.

On or about February 12, 2020, Kersic told the Plaintiff, in response to her complaint about the video, "to do what [she] wanted with it."

34.

On or about February 12, 2020, the Plaintiff complained to Defendant Chandler about the video.

35.

Defendant Chandler failed to take any action regarding the Plaintiff's complaint about the video.

36.

On or about February 12, 2020, Defendant Chandler told the Plaintiff, in response to her complaint about the video, that "he did not want to hear about it."

37.

On February 15, 2020, the Plaintiff was summoned by Defendant Nesbitt and Defendant Chandler to Defendant Nesbitt's office.

38.

During the February 15, 2020 meeting, Defendant Nesbitt told the Plaintiff she was doing a good job and that her "job was secure."

39.

The Plaintiff knew there was not any reason for her job not to be secure and it was clear that Defendant Nesbitt's statement was a passive aggressive threat against the Plaintiff's employment for complaining about the video.

40.

Defendant Chandler was present during the February 15, 2020 meeting and did not raise any disciplinary concerns or actions against the Plaintiff.

41.

On February 18, 2020, Defendant Chandler issued the Plaintiff a written warning.

42.

On February 18, 2020, Defendant Chandler told the Plaintiff that the February 15, 2020 meeting was a verbal reprimand.

43.

The February 18, 2020 written warning is blatantly false.

44.

Defendant Chandler's assertion that the February 15, 2020 meeting was a verbal reprimand is blatantly false.

45.

On February 26, 2020, the Plaintiff contacted Neni Valentine, Defendant Rockdale County's Employee Relations Manager, to complain about the video she received from Defendant Nesbitt.

46.

On February 26, 2020, the Plaintiff provided Valentine with a copy of the video and advised her that she was filing a complaint with the Equal Employment Opportunity Commission ("EEOC").

47.

Valentine and Defendant Rockdale County failed to take prompt and remedial action to investigate the Plaintiff's complaint regarding the video Defendant Nesbitt sent to the Plaintiff.

48.

On April 24, 2020, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, race

and gender discrimination and retaliation against Defendants. (A true and accurate copy of EEOC Charge of Discrimination #410-2020-05227, is attached hereto as Exhibit A)

49.

In May or June of 2020, Defendants received notice of the Plaintiff's Charge of Discrimination with the EEOC alleging race and gender discrimination and retaliation against Defendants.

50.

On July 2, 2020, Defendants terminated the Plaintiff from employment with Rockdale County.

51.

After the Plaintiff was terminated, she was replaced by an African-American male.

52.

The Plaintiff was terminated for false and pretextual reasons.

53.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of her employment because of her race.

54.

Defendants have engaged in illegal discrimination against the Plaintiff because of her race.

55.

Defendants have engaged in illegal discrimination against the Plaintiff because of her gender.

56.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of her employment because of her gender.

57.

The Plaintiff has been treated differently than similarly-situated employees in the terms and conditions of her employment because she opposed unlawful discriminatory employment practices.

58.

Defendants have engaged in illegal retaliation against the Plaintiff.

**COUNT ONE:  TITLE VII – RACE**

59.

Plaintiff incorporates herein paragraphs 1 through 58 of her Complaint.

-11-

60.

Defendant Rockdale County has engaged in intentional race discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, harassment, discipline, and her termination.

61.

Defendant Rockdale County's conduct violates Title VII.

62.

On or about April 24, 2020, the Plaintiff filed a timely Charge of Discrimination alleging race discrimination with the EEOC. (Exhibit A)

63.

On or about August 4, 2020, the Plaintiff filed a timely Amended Charge of Discrimination alleging race discrimination with the EEOC. (A true and accurate copy of EEOC Amended Charge of Discrimination #410-2020-05227 is attached hereto as Exhibit B)

64.

On or about December 9, 2020, the Plaintiff filed a timely Second Amended Charge of Discrimination alleging race discrimination with the EEOC. (A true and accurate copy of EEOC

Second Amended Charge of Discrimination #410-2020-05227 is attached hereto as Exhibit C)

65.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

66.

On or about December 9, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from the United States Department of Justice ("DOJ") for her Charge of Discrimination. (A true and accurate copy of the EEOC "Notice of Right To Sue" letter for EEOC Charge of Discrimination #410-2020-05227 is attached hereto as Exhibit D)

67.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from DOJ.

68.

Defendant Rockdale County's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

69.

Defendant Rockdale County's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

70.

Defendant Rockdale County has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT TWO:  TITLE VII – GENDER/SEXUAL HARASSMENT**

71.

Plaintiff incorporates herein paragraphs 1 through 70 of her Complaint.

72.

Defendant Rockdale County has engaged in intentional gender discrimination and sexual harassment in the terms and conditions of the Plaintiff's employment, including, but not limited to, harassment, discipline, and her termination.

73.

The Plaintiff has been subjected to a sexually hostile work environment while employed by Defendant Rockdale County.

74.

Defendant Rockdale County was on notice of the sexually hostile work environment, but failed to properly investigate the Plaintiff's complaints and failed to timely take prompt remedial action.

75.

Defendant Rockdale County's conduct violates Title VII.

76.

On or about April 24, 2020, the Plaintiff filed a timely Charge of Discrimination alleging gender discrimination and sexual harassment with the EEOC.  (Exhibit A)

77.

On or about December 9, 2020, the Plaintiff filed a timely Amended Charge of Discrimination alleging gender discrimination with the EEOC.  (Exhibit C)

78.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

79.

On or about December 9, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from DOJ for her Charge of Discrimination.  (Exhibit D)

80.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from DOJ.

81.

Defendant Rockdale County's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

82.

Defendant Rockdale County's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

83.

Defendant Rockdale County has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT THREE:  TITLE VII — RETALIATION**

84.

Plaintiff incorporates herein paragraphs 1 through 83 of her Complaint.

85.

Defendant Rockdale County has engaged in illegal retaliation in the terms and conditions of the Plaintiff's employment, including, but not limited to, harassment, discipline, and her termination.

86.

Defendant Rockdale County's conduct violates Title VII.

87.

On or about April 24, 2020, the Plaintiff filed a timely Charge of Discrimination alleging retaliation with the EEOC. (Exhibit A)

88.

On or about August 4, 2020, the Plaintiff filed a timely Amended Charge of Discrimination alleging retaliation with the EEOC. (Exhibit B)

89.

On or about December 9, 2020, the Plaintiff filed a timely Amended Charge of Discrimination alleging retaliation with the EEOC. (Exhibit C)

90.

The Plaintiff has satisfied all statutory prerequisites for filing this action.

91.

On or about December 9, 2021, the Plaintiff received her "Notice Of Right To Sue" letter from DOJ for her Charge of Discrimination.  (Exhibit D)

92.

The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from DOJ.

93.

Defendant Rockdale County's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

94.

Defendant Rockdale County's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

95.

Defendant Rockdale County has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**COUNT FOUR:   42 U.S.C. § 1983 AND EQUAL PROTECTION CLAIM –
GENDER/SEXUAL HARASSMENT**

96.

Plaintiff incorporates herein paragraphs 1 through 95 of her Complaint.

97.

Defendants have continuously engaged in a pattern and practice of intentional sexual harassment and gender discrimination and/or gender discrimination in the final policy making authority with respect to employment decisions.

98.

Defendants' discrimination against the Plaintiff violates 42 U.S.C. § 1983 and the Equal Protection Clause to the United States Constitution.

99.

Defendants' discriminatory conduct has resulted in the loss of pay, benefits, prestige, and caused Plaintiff to suffer mental and emotional distress.

100.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages.

**COUNT FIVE:   42 U.S.C. § 1983 AND EQUAL PROTECTION CLAIM - RACE**

101.

Plaintiff incorporates herein paragraphs 1 through 100 of her Complaint.

102.

Defendants have continuously engaged in a pattern and practice of intentional race discrimination and/or race discrimination in the final policy making authority with respect to employment decisions.

103.

Defendants' discrimination against the Plaintiff violates 42 U.S.C. § 1983 and the Equal Protection Clause to the United States Constitution.

104.

Defendants' discriminatory conduct has resulted in the loss of pay, benefits, prestige, and caused Plaintiff to suffer mental and emotional distress.

105.

Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights thereby entitling her to punitive damages.

**COUNT SIX:  42 U.S.C § 1983 AND 42 U.S.C. § 1981 RETALIATION**

106.

Plaintiff incorporates herein paragraphs 1 through 105 of her Complaint.

107.

Defendants have continuously engaged in a pattern and practice of intentional retaliation and/or retaliation with the final policy making authority in respect to employment decisions.

108.

Defendants' retaliatory conduct has resulted in the loss of pay, benefits, prestige, and caused Plaintiff to suffer mental and emotional distress.

109.

Defendants' retaliation against the Plaintiff violates 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

110.

Defendants' retaliatory conduct, in violation of 42 U.S.C. § 1981, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

111.

Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

112.

Defendants have engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**PRAYER FOR RELIEF**

113.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendants to reinstate Plaintiff to her former position;

2. That the Court grant full front pay to the Plaintiff;

3. That the Court grant full back pay to the Plaintiff;

4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

6. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated and retaliated against;

7. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees pursuant to Title VII and 42 U.S.C. § 1988;

8. That the Court grant Plaintiff a jury trial;

9. That the Court grant Plaintiff all other relief the Court deems just and proper; and

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 26th day of January 2022.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net